### McLEOD *et al. v.* ADAMS.

SIMMONS, C. J. A contract which recites the pendency of litigation and a settlement thereof between the parties, they being named, the defendant undertaking by such contract to pay given sums at fixed times in execution of the agreement of settlement, is not void because of the omission by the draftsman of such agreement to state the name of the person to whom the obligation of the contract is due. Even if that person, in view of the recitals contained in the agreement, was doubtful, it was such a doubt as could readily have been dispelled by parol evidence, which would have been admissible for that purpose; and a judgment of a magistrate to the effect that such an agreement was void for uncertainty because of the omission of the name of a payee, and that as a consequence the contract was incapable of enforcement, was properly overruled upon certiorari.

*Judgment affirmed. All the Justices concurring.*

Submitted June 3, — Decided July 9, 1897.

Certiorari. Before Alfred Herrington, judge pro hac vice. Montgomery superior court. October term, 1896.

Francis Adams brought suit in a justice's court against Everett McLeod as principal, and James McNatt and M. D. Hughes as securities, upon a contract in writing as follows: "Georgia,

Montgomery County: Know all men by these presents, that we, Everett McLeod principal, James McNatt and M. D. Hughes securities, agree to the following: Whereas Mrs. Francis Adams has a life-estate in certain lands in said county, for which suit is now pending in the superior court in said county, both by bill and ejectment; and whereas the same is this day amicably settled upon the following terms, to wit: Everett McLeod pays $75 cash and $25 the 7th Feby., 1893, and $25 each succeeding three months during the life of said Francis Adams; and at her death, in addition to this amount, said McLeod is to pay all of her burial expenses in a reasonable and decent manner, and also all costs of said suit." The amount claimed to be due on the contract was "$25 from August 7, 1895, to November 7, 1895." McLeod pleaded the general issue, and total failure of consideration. At the trial, defendant moved to dismiss the suit, for the reason that it did not appear by the instrument sued on that the plaintiff had a right of action upon the same; that there was no payee or obligee named therein, and only one party to the instrument, and it was consequently no contract, but null and void for uncertainty. The justice sustained the motion, and this disposition of the case was overruled on certiorari.

*J. B. Geiger*, for plaintiff in error.